UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL L. MODEST,

        Plaintiff,                Case Number: 06-CV-13379

v.                                HON. LAWRENCE P. ZATKOFF

B. DAVIS, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Darrell L. Modest, a state inmate currently incarcerated at Camp Cusino in Shingleton, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court shall dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted

In his complaint, Plaintiff challenges the medical care he received while incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff states that, while incarcerated at that facility, he suffered from severe ingrown toenails which caused him great pain. According to Plaintiff, he sought medical care for his ingrown toenails for four months while incarcerated at the

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

St. Louis Correctional Facility, but the care he received was inadequate. On February 14, 2006, Plaintiff was seen by defendant Masley who gave him a medical detail to excuse him from wearing state shoes for thirty days and scheduled a follow-up appointment for February 20, 2006. Plaintiff states that the appointment was cancelled and never rescheduled. Plaintiff subsequently was seen by two nurses, Defendants Davis and Teed, both of whom informed him that he would receive medical service, which Plaintiff claims never materialized.

Plaintiff filed grievances regarding the lack of medical care. The Step III grievance response states that he will be provided with medical care, but appointments are scheduled based upon the urgency of the prisoner's condition and Plaintiff's condition was not urgent.

The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain. Hudson v. McMillan, 503 U.S. 1, 5 (1992); Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995). Prison officials who act with "deliberate indifference" toward an inmate's serious medical needs are acting in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test. First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency." Hudson, 503 U.S. at 8. Then, he must establish that defendants were deliberately indifferent to those needs. Id. Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A delay in providing medical treatment may result in a constitutional violation. "This violation is not premised upon the detrimental effect of the delay, but rather that the delay alone in providing medical care

creates a substantial risk of serious harm." Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004), *reh'g en banc denied*.

Plaintiff's medical condition has been diagnosed as non-urgent. Although Plaintiff disagrees with that characterization, a difference of opinion between a prisoner and medical professional over a diagnosis fails to state an Eighth Amendment claim. Johnson v. Leonelli, 2000 WL 1434767 (6th Cir. Sept. 19, 2000), *citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In addition, even according to Plaintiff's own allegations, he has not been denied medical care. He has been evaluated by medical staff and his condition has been determined not to require immediate attention. Plaintiff fails to allege that the delay "creates a substantial risk of serious harm." Blackmore, 390 F.3d at 899.

Thus, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and **ORDERS** that the complaint be **DISMISSED**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 15, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

3